# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 17-1723

CHARLI BATT, an individual,

       Plaintiff,

v.

MEDIATION PROCESSING SERVICES LLC, a Florida limited liability company,

       Defendant.

---

# COMPLAINT

---

### INTRODUCTION

1.    This is an action for actual and statutory damages brought by Charli Batt (the "**Plaintiff**"), an individual consumer, against Mediation Processing Services LLC, a Florida limited liability company (the "**Debt Collector**"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter, "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and for violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101 *et seq*. (hereinafter, "**CFDCPA**"), which requires collection agencies to obtain a license to collect debt in this state.

### JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      This Court has supplemental jurisdiction over the Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because that claim is so related to the claim in this action that it forms part of the same case or controversy.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5.      Plaintiff is an individual who resides in the County of Jefferson, State of Colorado.

6.      Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3) and Colo. Rev. Stat. § 12-14-103(4).

7.      The Debt Collector is a limited liability company that does business in the State of Colorado.

8.      The Debt Collector has a place of business at 3941 Pall Mall Drive, Suite 106, Jacksonville, Florida.

9.      The Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

10.     The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

11.     The Debt Collector is engaged in a business, the principal purpose of which is the collection of debts.

12.     The Debt Collector takes assignment of debts for collection purposes.

13.     The Debt Collector is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6), and a "collection agency", as that term is defined by Colo. Rev. Stat. § 12-14-103(2)(a).

**FACTS**

14.     On several occasions, the Debt Collector has called Plaintiff and left voicemails for Plaintiff regarding a debt that the Plaintiff had allegedly incurred to My Cash Now, a payday lender (the "**Debt**").

15.     The Debt is an obligation that was incurred primarily for personal, family, or household purposes.

16.     The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692(a)(5) and Colo. Rev. Stat. § 12-14-103(6).

17.     Within the year preceding the filing of this complaint, the Debt Collector contacted the Plaintiff by telephone to collect the Debt.

18.     After the Debt Collector's initial communication with Plaintiff, the Debt Collector did not send the notice required by 15 U.S.C. § 1692g(a).

19.     The Debt Collector is not licensed in the State of Colorado.

20.     The Debt Collector does not maintain an office within the State of Colorado.

21.     The Debt Collector left several voicemails for Plaintiff at her place of employment.

22.     The Debt Collector called Plaintiff and told her that the Debt Collector would be filing criminal charges against Plaintiff if she did not pay the debt.

23.     The Debt Collector called Plaintiff to say: "I just want that bitch (Plaintiff) to know that she is going to go to jail today."

24.     To date, Plaintiff has not gone to jail and the Debt Collector has not filed any criminal charges against Plaintiff.

25.     When the Debt Collector told Plaintiff that Plaintiff will be going to jail, the Debt Collector failed to identify itself as a debt collector.

**COUNT I**
**(Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)**

26.     Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

27.     At all times material hereto, Plaintiff was a "consumer", as that term is defined under 15 U.S.C. § 1692a(3).

28.     At all times material hereto, the balance that the Debt Collector was attempting to collect was a "debt", as that term is defined under 15 U.S.C. § 1692a(5).

29.     At all times material hereto, the Debt Collector was a "debt collector", as that term is defined under 15 U.S.C. § 1692a(6).

30.     The FDCPA requires the Debt Collector to "disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose . . . ." 15 U.S.C. § 1692(e)(11).

31.     The Debt Collector has violated 15 U.S.C. § 1692(e)(11) by failing to provide Plaintiff with any such disclosure.

32.      The FDCPA prohibits a Debt Collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  This prohibits the Debt Collector from using "obscene or profane language or language the natural consequence of which is to abuse the hearer or reader."  15 U. S.C. § 1692d(2).

33.     The Debt Collector has violated 15 U.S.C. §§ 1692d and 1692d(2) through its communications with Plaintiff.

34.     The FDCPA prohibits the Debt Collector from representing or implying that "that nonpayment of any debt will result in the arrest or imprisonment of any person . . . unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. § 1692e(4).

35.     The FDCPA prohibits the Debt Collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

36.     The Debt Collector has violated 15 U.S.C. §§ 1692e(4) and 1692e(5) by representing that Plaintiff will go to jail for not paying the debt when such threat was neither lawful nor intended.

37.     The FDCPA requires the Debt Collector to provide certain disclosures to Plaintiff within five days of the Debt Collector's initial communication with Plaintiff. 15 U.S.C. § 1692g(a).

38.     The Debt Collector violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with written notice validating the Debt.

39.     The foregoing acts and omissions of the Debt Collector constitute numerous and multiple violations of the FDCPA.

40.     Plaintiff has suffered and continues to suffer actual damages as a result of the Debt Collector's unlawful conduct.

41.     Plaintiff is entitled to damages in an amount to be determined at trial.

**COUNT II**
**(Violations of the CFDPA, Colo. Rev. Stat. § 12-14-101 *et seq.*)**

42.     Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

43.     At all times material hereto, Plaintiff was a "consumer", as that term is defined under Colo. Rev. Stat. § 12-14-103(4).

44.     At all times material hereto, the balance that the Debt Collector was attempting to collect was a "debt", as that term is defined under Colo. Rev. Stat. § 12-14-103(6)(a).

45.     At all times material hereto, the Debt Collector was a "collection agency", as that term is defined under Colo. Rev. Stat. §§ 12-14-103(2)(a)(1) and 12-14-103(2)(a)(II)(B).

46.     The CFDCPA prohibits the Debt Collector from conducting "the business of a collection agency . . . without having obtained a license under this article," and further states that "[a]ny person acting as a collection agency must possess a valid license issued by the administrator . . . ." Colo. Rev. Stat. §§ 12-14-115 and 12-14-118.

47.     The Debt Collector violated Colo. Rev. Stat. §§ 12-14-115 and 12-14-118 by failing to obtain a valid license to collect debts in the State of Colorado.

48.     The CFDCPA requires the Debt Collector to maintain an office within the State of Colorado that is open to the public during normal business hours and staffed by at least one full-time employee. Colo. Rev. Stat. § 12-14-123(1)(b)(I)(A).

49.     The Debt Collector violated Colo. Rev. Stat. § 12-14-123(1)(b)(I)(A) by failing to maintain an office within the State of Colorado.

50.     The violations of the foregoing requirements under the CFDCPA are unlike the Debt Collector's violations under the FDCPA, and therefore, Plaintiff is entitled to statutory damages under the CFDCPA in addition to the FDCPA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Charli Batt prays for relief and judgment, jointly and severally against the Debt Collector, as follows:

1.     Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2.     Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k;

3.     Awarding Plaintiff statutory damages pursuant to Colo. Rev. Stat. § 12-14-113;

4.     Enjoining the Debt Collector from the illegal collection of debts;

5.     Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

6.     Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

7.     Awarding such other and further relief as the Court may deem just and proper.

**<u>TRIAL BY JURY</u>**

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 17, 2017

Respectfully submitted,

/s/ Katherine Russell
Daniel J. Vedra
Katherine Russell
Vedra Law LLC
1435 Larimer St. Suite 302
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com
Email: kate@vedralaw.com