# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 17-1723-RBJ

CHARLI BATT, an individual

    Plaintiff,

v.

MEDIATION PROCESSING SERVICES LLC, a Florida limited liability company,

    Defendant.

---

## ~~PROPOSED~~ ORDER

---

THIS MATTER comes before the Court on Plaintiff Charli Batt's Motion for Order Requiring Answers to Interrogatories or to Show Cause (the "**Motion**") [#24, filed December 6, 2018]. For the reasons set forth in this Order, the Court GRANTS the Motion.

1. On July 17, 2017, Plaintiff commenced this action to enforce the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("**FDCPA**") and the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 5-16-101 *et seq.* ("**CFDCPA**"), by filing a summons, complaint, and civil cover sheet (Dkt. 1).

2. On July 31, 2017, Plaintiff served the Defendant with the summons, complaint, and civil cover sheet. Accordingly, the Defendant was required to answer or otherwise respond to the complaint on or before August 21, 2017.

3.      The Defendant failed to answer or otherwise respond to the complaint in the time provided by the Federal Rules of Civil Procedure, and indicated its intent to be bound by any judgment entered in this matter.

4.      On October 16, 2017, this Court granted Plaintiff's motion for default judgment and entered judgment against the Defendant (the "**Judgment**"). (Dkt. 23).

5.      The Judgment requires the Defendant to pay to Plaintiff $6,836.25, inclusive of attorney fees and costs, with post judgment interest accruing at the rate of 1.24% per annum. (Dkt. 23).

6.      Federal Rule of Civil Procedure 69 allows a judgment creditor to obtain discovery from the judgment debtor as provided in the Federal rules or the rules of the state where the court is located. Fed. R. Civ. P. 69(a)(2).

7.      On August 22, 2018, Plaintiff served the Defendant with written interrogatories pursuant to Fed. R. Civ. P. 69(a)(2) and Colo. R. Civ. P. 69(d). Accordingly, the Defendant was required to answer or otherwise respond to the interrogatories on or before September 12, 2018.

8.      The Defendant did not respond to the written interrogatories.

9.      If a judgment debtor fails to respond to written interrogatories, the judgment creditor may request that the court enter an order requiring the judgment debtor to either answer the interrogatories or appear and show cause why it should not be held in contempt of court. Colo. R. Civ. P. 69(d)(2).

10.     On December 6, 2018, Plaintiff filed the Motion.

11.     On December 12, 2018, the Court set a show cause hearing for January 10, 2019, which was subsequently re-set for February 13, 2019.

12. On January 15, 2019, the Order to show cause was served on Defendant by United States Postal Service first class mail.

13. On February 13, 2019, the Court conducted a show-cause hearing. Defendant failed to appear as required.

14. Defendant's failure to answer the interrogatories or show cause constitutes contempt of a court order. 18 U.S.C. § 401. The sanctions for contempt may include monetary penalties and imprisonment. Ross v. Jenkins, No. 17-2547-DDC-TJJ, 2018 WL 5775657, at *3 (D. Kan. Nov. 2, 2018).

15. Because Defendant has failed to answer the interrogatories, Plaintiff cannot ascertain the owners, officers, or directors of Defendant, if any. Accordingly, the Court finds that the imposition of a per diem fine against Defendant is appropriate.

The Court therefore ORDERS the following:

1. Defendant is required to pay a $250.00 per day that Defendant fails to respond to written, post-judgment discovery *nunc pro tunc* to October 4, 2018;

2. Plaintiff shall serve a copy of this order on Defendant by personal service;

3. Should Plaintiff ascertain the officers, directors, or owners of Defendant, Plaintiff may seek leave to amend this order to become a joint and several liability of Defendant and its officers, directors, and/or owners; and

4. Plaintiff is awarded its reasonable attorney fees of $600.00 in filing the Motion.

_____
District Court Judge
2/13/19